SCOTLAND COUNTY NURSING HOME, Appellant,

v.

DEPARTMENT OF SOCIAL SERVICES, DIVISION OF AGING, and the Administrative Hearing Commission, Respondents.

No. WD 35066.

Missouri Court of Appeals, Western District.

Aug. 8, 1984.

Jacqueline C. Kingsolver, S. Ruth Lehr, and Lem T. Jones, Jr., Kansas City, for appellant.

Gregory W. Schroeder, Jefferson City, for Dept. of Social Services.

Before PRITCHARD, P.J., and SOMERVILLE and KENNEDY, JJ.

KENNEDY, Judge.

This appeal is from a judgment of the circuit court which affirmed a decision of the Administrative Hearing Commission affirming a decision of the Department of Social Services to disallow depreciation deductions of $7,500 claimed by appellant Scotland County Nursing Home in 1979 and 1980 upon capital assets received by the nursing home as a contribution. The amount had been claimed as a part of the allowable cost of services rendered to Medicaid patients.

We affirm the judgment.

The background facts are as follows:

In the spring of 1979 the Northeast Missouri Regional Planning Commission furnished to the Scotland County Nursing Home the labor of employees who painted the nursing home at no cost to it. The painters were paid from federal funds made available under the Comprehensive Employment and Training Act ("CETA") program. The amount of labor furnished was 2500 man hours for which the painters were paid $4 per hour. The paint and supplies were furnished by the nursing home.

The nursing home set up this painting improvement on its books at its cost including the labor component at a figure of $10,000. The improvement was treated as a capital asset, depreciable over a two-year period. The nursing home claimed $2,500 for the last half of the fiscal year ending June 30, 1979; $5,000 for the fiscal year ending June 30, 1980; and $2,500 for the first half of the fiscal year ending June 30, 1981. (Only the 1979 and 1980 deductions are included in the case before us.) In due time the depreciation deductions were disallowed, the Department of Social Services contending that since the labor component of the improvement was received by the nursing home at no cost, the nursing home could not recover its cost (or, rather, the Medicaid portion thereof) from the state.

The Scotland County Nursing Home is a non-profit corporation, incorporated under §§ 198.200–.350, RSMo 1978. It is authorized to receive Title XIX ("Medicaid") funds for services provided by the nursing home to eligible residents. See § 208.151, RSMo 1978.

During the period in question here, there was in effect a system of payment based upon the nursing home costs in providing the services. The statutory scheme for the Medicaid program is at §§ 208.150–.210, RSMo 1978. The costs were submitted by the nursing home to the Department of Social Services, which would then reimburse the nursing home the Medicaid portion thereof. The Medicaid portion would be the ratio of Medicaid patient days to total patient days. During the fiscal year ending June 30, 1979, the Medicaid share was 64.6 percent. During the fiscal year ending June 30, 1980, the Medicaid share was 62.28 percent.

The basic "contract" between Scotland County Nursing Home and the Department of Social Services is embodied in 13 CSR 40–81.080, entitled, "Cost Related Reimbursement for Long Term Care". This lengthy document purports to cover the

subject of recoverable costs, depreciation and the like and how the various items are to be treated. The regulations were adopted by the Department of Social Services under the authority of Section 208.-153, RSMo 1978. There are two provisions of the regulations in particular that bear directly upon the question before us. They are these: Section (15)(C) provides: "Donated assets will be allowed basis to the extent of recognition of income resulting from the donation of the asset." Section (13)(A) provides: "Other related revenues including, but not limited to those listed below if included in gross revenue will be deducted from the total allowable costs: ... gifts...."

The $10,000 in painting labor is agreed by the parties to be a "donated asset". Neither do the parties quarrel with the treatment of the asset as a capital improvement, subject to depreciation over its useful life of two years. The disagreement comes at the point of the cost basis of the improvement. The state says it is zero, since it was contributed and cost the nursing home nothing. The nursing home says the basis is its value at the time it was donated, namely, $10,000.

The regulation quoted above, 13 CSR 40–81.080(15)(C), says that the basis of a "donated asset" is equal to "the extent of recognition of income resulting from the donation of the asset". This phrase takes us to the second of the above-quoted provisions, Section (13)(A), which tells us that "other related revenues" (which we take to be the equivalent of "income") will be "deducted from the total allowable costs". Included in the "other related revenues" which will be "deducted from the allowable costs" are gifts received by the nursing home.

█ Had the $10,000 contribution of labor been deducted from nursing home costs in the year it was received in accordance with Section (13)(A) above, that sum would have been added to the basis of the painting improvement and could have been recovered in depreciation deductions over the two-year period. It is this inclusion of

the $10,000 value of the contribution in "other related revenues" and its deduction from allowable costs which gives it "recognition (in) income" within the meaning of Section (15)(C) above.

The nursing home says that it did "recognize" the $10,000 in income when it recorded the amount in income. We think, however, that to "recognize" the amount in income is not merely to record it as income, but is to record it among items of income which reduce the recoverable cost of service to the Medicaid patients. The word "recognize" is not a term of art, but it makes no sense in this regulation that the mere recording of the gift as income where it would have no effect at all upon Medicaid costs, should be considered as determinative of whether it is recoverable by way of Medicaid reimbursement. The "recognition (in) income" is significant only if that income has some economic effect. Since it was not included in "other related revenues", when received, so as to reduce the cost of Medicaid service for that year, the painting had a zero cost basis. The Department was correct in disallowing the depreciation deductions.

Our interpretation of Sections 15(C) and 13(A) is consonant with the rest of the regulation.

█ Appellant says that Section 15(C) as we have interpreted it is not a valid regulation. We believe, however, that the regulation is authorized by § 208.153, RSMo 1978, which requires the department to "define the reasonable costs, manner, extent, quantity, quality, charges and fees of medical assistance herein provided." The regulations are to be "[p]ursuant to and not inconsistent with the provisions of Sections 208.151 and 208.152...." The regulation, including Section 15(C), is valid.

Appellant complains of the Administrative Hearing Commission's reference in its order to a certain accounting treatise. Eliminating any reference or reliance upon said treatise, the order still is in accordance with law upon undisputed facts.

Judgment affirmed.

All concur.